IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kenneth Rose, et al., | : | Case No. C-1-02-271 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING PLAINTIFFS' |
| | : | MOTION TO RECONSIDER ORDER |
| Eric Davis, et al., | : | ADOPTING REPORT AND |
| | : | RECOMMENDATION |
| Defendants. | : | |
| | : | |
| | : | |

This matter comes before the Court on Plaintiffs' Motion For Judge Dlott to Reconsider Magistrate Judge Hogan's Report and Recommendation ("Motion to Reconsider") (doc. # 42). Judge Hogan's Report and Recommendation ("R&R") includes both a complete factual background and a procedural history until the point the R&R was issued on March 28, 2005. (See doc. # 34.)  Since then, both Plaintiffs and Defendant Police Officers Eric Davis and Jeffery Battison have filed objections to the R&R, (docs. ## 35, 36), and this Court has entered an Order adopting the R&R (doc. # 38).  Pursuant to the R&R's recommendations, this Court granted Defendant Battison's motion for summary judgment.  (See doc. #38 at 2.)  Plaintiffs have now moved for this Court to reconsider the R&R's "recommendations which excludes [sic] the arresting officer Jeffrey Battison's liability in this case."[1]  (Doc. #42 at 1.)  Although captioned as

---

[1] Plaintiffs' statement implies that the Order adopting the R&R released Defendant Battison from all liability.  However, Defendant Battison has not been dismissed from this case. As Judge Hogan noted in the R&R, (see doc. # 34 at 29 n. 7), Plaintiff Rose's claim that he was subjected to an unconstitutional seizure of property when the police impounded his car is directed at both Defendant Rose *and* Defendant Battison.  (See doc. #1 at ¶¶ 5, 7, 8, 19, 22.) However, Defendant Battison moved for summary judgment only as to Plaintiffs' claims that the officers conducted a warrantless and unreasonable search of Mr. Seibert's home, made an

a motion for this Court to reconsider the R&R, Plaintiff's motion is best construed as a motion to reconsider its *Order adopting* the R&R, since the time for Objections to the R&R has passed and the Court has already adopted the R&R.

As Plaintiffs' Motion to Reconsider was made more than ten days but less than one year after entry of the Order they are asking the Court to reconsider, the Court construes Plaintiffs' Motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes a Court to grant a party relief from a final judgment or order, upon terms that are just, for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Plaintiffs have also not specified under which part of Rule 60(b) they move for reconsideration. Plaintiffs argue only that reconsideration is appropriate because "the City of Cincinnati has recently acknowledged its Policies, Procedures, and training may be unlawful in regards to misdemeanor offenses and pursuits . . . and/or in light of State v. Brown, 99 Ohio St. 3d 323 [(2003)]." This argument is best construed as a motion based on mistake of law under

---

unlawful seizure of Mr. Rose, and used excessive force to detain Mr. Rose. (See doc. # 29 at 10-14). Plaintiffs' claim against Defendant Battison (and Defendant Rose) for an unconstitutional seizure of property is thus still an issue for trial.

Rule 60(b)(1)[2]. However, Plaintiffs raised <u>Brown</u> in their Objections to the R&R.[3] (<u>See</u> doc. # 36 1-2.) Courts will not grant a Rule 60(b) motion where a movant merely restates arguments previously made. <u>See</u> <u>Lommen v. McIntyre</u>, No. 03-2313, 2005 WL 566719, at **3 (6th Cir. Mar. 10, 2005); <u>Johnson v. Unknown Dellatifa</u>, 357 F.3d 539, 543 (6th Cir. 2004), <u>cert</u> <u>denied</u>, 543 U.S. 837 (2004).[4] Plaintiffs' argument regarding <u>Brown</u> is therefore unavailing.

Plaintiffs' argument regarding the City of Cincinnati ("City")'s alleged acknowledgment of its unlawful "Policies, Procedures, and training" regarding misdemeanor offenses is also unavailing. Plaintiffs' argument suggests that this Court made a mistake of law which the City has now allegedly recognized. The exhibit to which Plaintiffs cite for this proposition is a memorandum dated February 17, 2005, from the City to the Board Members of the Citizen Complaint Authority, regarding allegations by nonparties about unrelated events. Plaintiffs cite to page 14 of the document, which states "[t]he Ohio First District Court of Appeals has rules [sic] officers may no longer make warrantless entries into a wanted person's home for a misdemeanor." Whether or not the City suspects that its policy regarding misdemeanor arrests was or is unlawful – and it is not clear from the Memorandum that such is the City's official

---

[2] "A claim of strictly legal error falls in the category of "mistake" under Rule 60(b)(1)." <u>See</u> <u>Hopper</u>, 867 F.2d at 294.

[3] The same is true for Plaintiffs' argument that Officer Davis never spoke directly to Plaintiff Rose, and so there was never a "traffic stop," which Plaintiffs mention as a supporting point in their Motion for Reconsideration. (<u>Compare</u> doc. #36 at 1 <u>and</u> doc. # 42 at 1 ¶ b.) Plaintiffs' other supporting point that "upon exiting [Mr. Rose's] vehicle, parked on private property, that [Mr. Rose's] uninterrupted entry into the residence was justified" given the Cincinnati Police's alleged reputation for excessive force, does not fit within any of Rule 60(b)'s reasons for granting relief from an order and the Court will not further consider it.

[4] Moreover, the Court considered the R&R and objections *de novo*, and determined that the R&R should be adopted in its entirety. (<u>See</u> doc. # 38 at 1.)

3

position – and whether or not any such suspicion was or is true under Ohio law, is irrelevant to this Court's determination of Plaintiffs' claims, which arise under the federal constitution. Plaintiffs have thus failed to show a mistake of law in the Court's Order granting summary judgment to Defendant Battison on Plaintiffs' claims that he conducted a warrantless and unreasonable search of Mr. Seibert's home, made an unlawful seizure of Mr. Rose, and used excessive force to detain Mr. Rose.

Plaintiffs have also failed to demonstrate "any other reason justifying relief" under Rule 60(b)(6). Relief under Rule 60(b)(6) is warranted only in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 293 (6th Cir. 1988). As discussed above, Plaintiffs' arguments are best construed as falling within Rule 60(b)(6)(1). And regardless, Plaintiffs have not shown such exceptional or extraordinary circumstances that warrant relief from judgment. The Court therefore **DENIES** Plaintiffs' Motion for Reconsideration (doc. #42).

IT IS SO ORDERED.

    s/Susan J. Dlott

Susan J. Dlott
United States District Judge