IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kenneth Rose, *et al.*, | : | Case No. C-1-02-271 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING MOTIONS TO |
| | : | RECONSIDER |
| Eric Davis, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

This matter comes before the Court on Plaintiffs' Second Motion to Reconsider Ruling on Summary Judgment (doc. #51) and Defendant's Motion for Reconsideration incorporated into their Opposition to Plaintiffs' Second Motion for Reconsideration (doc. #53). For the reasons that follow, the Court **DENIES** Plaintiffs' Second Motion to Reconsider Ruling on Summary Judgment (doc. #51). The Court also **DENIES** Defendant's Motion for Reconsideration (doc. #53). Finally, the Court **DENIES** Plaintiffs' alternative request in their Second Motion for Reconsideration to delay ruling on that Motion until Plaintiffs have conducted limited additional discovery (doc. #53).

I.  PROCEDURAL HISTORY

On March 24, 2006 Plaintiffs filed their first Motion For Judge Dlott to Reconsider Magistrate Judge Hogan's Report and Recommendation ("First Motion to Reconsider") (doc. # 42). Judge Hogan's Report and Recommendation ("R&R") includes both a complete factual background and procedural history of this case through the R&R's issuance on March 28, 2005. (See doc. # 34.) Since then, both Plaintiffs and Defendant Police Officers Eric Davis and Jeffery

Battison have filed objections to the R&R, (docs. ## 35, 36), and this Court has entered 1) an Order denying those objections and adopting the R&R (doc. # 38); and 2) an Order denying Plaintiffs' First Motion to Reconsider (doc. #44)[1].

## II.     THE PARTIES' MOTIONS

### A.     Plaintiffs' Motion for Limited Additional Discovery

Plaintiffs request that, if this Court does not believe it appropriate to grant their Second Motion for Reconsideration at this time, the Court delay ruling on the motion until Plaintiffs take further discovery from Defendants. Plaintiffs request the opportunity to take further discovery under Rule 56(f). Specifically, Plaintiffs request the opportunity to depose Officer Battison and Officer Davis before trial.

At a discovery conference with the Court on July 5, 2006, the parties informed the Court that they had agreed that Plaintiffs depose both Officers before trial. The Court also ordered that Defendants provide the usual pre-deposition discovery to Plaintiffs. At the conference, the Court also informed the parties that it intended to deny Plaintiffs' Second Motion for Reconsideration in an opinion to follow. Having already determined that both Plaintiffs' Second Motion to Reconsider and Defendants' Motion to Reconsider should be denied, the Court **DENIES** Plaintiffs request to delay ruling on that motion until those depositions are taken.

### B.     The Parties' Motions to Reconsider Based on New Evidence

In Plaintiffs' Second Motion to Reconsider, Plaintiffs moved for reconsideration under Federal Rule of Civil Procedure 54(b), or in the alternative, under Federal Rule of Civil Procedure

---

[1] In their First Motion for Reconsideration, Plaintiffs moved for this Court to reconsider the R&R's "recommendations which excludes [sic] the arresting officer Jeffrey Battison's liability in this case." (Doc. #42 at 1.)

60(b).  (See doc. #51 at 3 n.1.)  In turn, in their opposition, Defendants also move for reconsideration of that portion of the Court's Order denying summary judgment to Defendants.

### 1. Rule 54(b): Legal Standard

Rule 54(b) provides that in cases involving multiple claims or parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Rule 54(b) further provides that where a court has not so entered a final judgment, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Here, the Court issued summary judgment to Defendants on all of Plaintiff Seibert's claims and some of Plaintiff Rose's claims, but did not direct the entry of final judgment.  Plaintiffs argue that Rule 54(b) thus permits revision on this Court's order granting the partial summary judgment.

Some federal courts have found that district courts have authority under Rule 54(b) to reconsider interlocutory orders resolving only a portion of a case with multiple parties or multiple claims.  Rodriguez v. Tennessee Laborers Health & Welfare Fund, No. 02-5601, 2004 WL 237651, at **8 (6th Cir. Feb. 6, 2004).  The Sixth Circuit has approved of this method in at least one published opinion.  See id.  "Traditionally, courts will find justification for reconsidering interlocutory orders [under Rule 54(b)] when there is: (1) an intervening change of controlling law; (2) *new evidence available*; or (3) a need to correct a clear error or prevent manifest injustice."  Id. (emphasis added).

### 2. Rule 60(b)(2): Legal Standard

Rule 60(b) authorizes a Court to grant a party relief from a final judgment or order for similar, although broader, grounds. Under Rule 60(b), a Court may reconsider a final judgment or order upon terms that are just, for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) *newly discovered evidence* which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b) (emphasis added). To succeed on a Rule 60(b)(2) motion, the "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (citations omitted). In other words: 1) the party moving for reconsideration "must have been excusably ignorant of the facts despite using due diligence to learn about them while the matter was pending before the Court, see Nagle Indus., Inc. v. Ford Motor Co., 175 F.R.D. 251, 256 (E.D. Mich. 1997), aff'd, No. 97-1449, 1999 WL 447080 (Fed. Cir. June 22, 1999), and "the evidence cannot be merely impeaching or cumulative." Good, 149 F.3d at 423.

### 3. Analysis of Parties' Motion to Reconsider for New Evidence

Plaintiffs argue that reconsideration is appropriate under either Rule 54(b) or 60(b) due to

what they describe as "new facts" or "newly discovered evidence" – the deposition of Tommy Seibert, Plaintiff Seibert's son and Plaintiff Rose's half-brother (doc. #52, ex. 1). (See doc. #52 at 3 and at 3 n.1.) Plaintiffs argue that Tommy's deposition "was not presented to the court or cited by the parties in previous briefing" and "makes it very clear that contested issues of material fact preclude summary judgment on the search and excessive force claims." (Id. at 3.) Plaintiffs then proceed to reargue the merits of the case in light of this alleged "new evidence."

In their Opposition, Defendants also proceed to reargue the merits. Defendants argue that Tommy's deposition does not provide any evidence that differs in substance from that which was already before the Court, and therefore does not call for reconsidering the result of Plaintiffs' excessive force and unreasonable search claims. However, Defendants argue that Tommy's deposition reveals a new fact which requires summary judgment to be granted to them on Plaintiffs' unconstitutional seizure claim. (See doc. #53 at 12-13.) Defendants thus also move for reconsideration, again based on new evidence, of that portion of the Court's Order denying summary judgment to Defendants. (Id.)

The parties ignore, however, that Tommy's deposition was taken on June 23, 2004 (see doc. #52, ex. 1), well before both July 30, 2004, when Defendants filed their Motion for Summary Judgment, *and* August 23, 2004, when Plaintiffs filed their Opposition to Defendants' Motion for Summary Judgment. Tommy's deposition is thus neither new evidence nor newly discovered evidence under either Rule 54(b) or Rule 60(b). See, e.g., Rodriguez, 2004 WL 237651, at **9 (Rule 54(b) motion denied where "new" evidence predated court's now-challenged order but was not part of record) and Nagle, 175 F.R.D. at 254, 256 (Rule 60(b) motion denied where "new" deposition evidence predated hearing on summary judgment but was not part of record); see also

5

Campbell v. TDOC, No. 98-6298, at *3-*4 (6th Cir. Dec. 10, 1999) (evidence not new where available before summary judgment granted and plaintiff failed to demonstrate that he exercised due diligence in obtaining it); Snider v. Sowders, No. 93-6454, 1994 WL 276877, at *1 (6th Cir. June 21, 1994) (motion for reconsideration based on new evidence denied because evidence not new predated pro se plaintiff's complaint).

Moreover, neither party has shown that it exercised due diligence in attempting to obtain Tommy's deposition or making it part of the record, or given any other excusable reason why it was not submitted before the briefing on summary judgment. Defendants, who took Tommy's deposition, obviously knew of its existence before they filed their Motion for Summary Judgment. Plaintiffs also knew[2] or should have known of Tommy's deposition and/or his potential testimony, particularly since Tommy was their close relative and a known eye-witness to the events at issue. Having failed to place this evidence in the record at the appropriate time, neither party may now benefit from its "new" discovery. In any event, having reviewed Tommy's deposition, the Court finds that his testimony is largely cumulative of evidence available to this Court when it granted Defendants' Motion for Summary Judgment and does not change the Court's determination of the proper resolution of that Motion.

In sum, because neither party has shown that reconsideration is appropriate under either Rule 54(b) or Rule 60(b)(2), both parties' Motions for Reconsideration are **DENIED**.

### 4. Plaintiffs' Motion Under Rule 60(b)(6)

In their reply brief, Plaintiffs argue for the first time that reconsideration is necessary

---

[2] Tommy testified at his deposition that Plaintiff Rose called him before the deposition to make sure that Tommy was going to attend and knew where it was to take place. (See doc. #52, ex. 1 at 5.)

6

because "defendants have presented contrary facts in previous pleadings, to the detriment of pro se litigants." (Doc. #54 at 10.) With this argument, Plaintiffs imply both that 1) Plaintiffs' failure to present Tommy's deposition to the Court should be excused because they were pro se at the time of briefing on summary judgment; and 2) Defendants had a nefarious purpose in failing to include Tommy's deposition in the evidence. This argument is best construed as a motion under Rule 60(b)(6) for "any other reason justifying relief." Relief under Rule 60(b)(6) is warranted only in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 293 (6th Cir. 1988).

First, the Court refuses to impute such malintent to Defendants, particularly because it is clear from Defendants' Motion for Reconsideration that they believe Tommy's deposition testimony would have been *beneficial* to them on Plaintiffs' unconstitutional seizure claim.[3] Second, the Court has already found that Plaintiffs knew or should have known of Tommy's deposition and therefore could have placed his deposition in the record themselves. This is so despite the fact that the parties' briefing on summary judgment took place when Plaintiffs were proceeding pro se. Plaintiffs cite several cases for the proposition that pro se litigants are entitled to a less stringent standard of pleading. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Estell v. Gamble, 429 U.S. 97, 106 (1976). However, Plaintiffs have cited no authority for the proposition that allowances should be made for pro se litigants at all stages of a proceeding (as opposed to just for complaints and answers) and for all kinds of errors in judgment in pursuing

---

[3]The Court notes further that Plaintiffs mischaracterize several of Judge Hogan's factual assumptions and the effect of his legal holdings. Judge Hogan properly viewed all disputed facts in the light most favorable to Plaintiffs, the nonmoving party. (See e.g., doc. 34 at 10-11,16, 21.)

their case. In fact, in <u>Snider</u>, the Sixth Circuit upheld a decision by the district court denying a pro se plaintiff's motion for reconsideration based on allegedly "new," but actually pre-existing, evidence despite the fact that the plaintiff was pro se. <u>See Snider</u>, 1994 WL 276877, at *1.

In sum, Plaintiffs have not shown any exceptional or extraordinary circumstances that would warrant reconsideration under Rule 60(b)(6) of this Court's order granting summary judgment to Defendants on Plaintiffs' unconstitutional search and excessive force claims.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' Second Motion for Reconsideration (doc. #51). The Court also **DENIES** Defendant's Motion for Reconsideration incorporated into their Opposition to Plaintiffs' Second Motion for Reconsideration (doc. #53). Finally, the Court **DENIES** Plaintiffs' alternative request, within their Second Motion to Reconsider, to delay ruling on that Motion until after Plaintiffs depose Officers Rose and Davis.

IT IS SO ORDERED.

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge