IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kenneth Rose, *et al.*, | : | Case No. C-1-02-271 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING DEFENDANTS' |
| | : | MOTION FOR JUDGMENT AS A |
| Eric Davis, *et al.*, | : | MATTER OF LAW |
| | : | |
| Defendants. | : | |

This matter comes before the Court on Defendant's oral Motion for Judgment as a Matter of Law.  For the reasons that follow, and consistent with its oral ruling in open court on July 18, 2006, the Court **GRANTS** Defendant's Motion for Judgment as a Matter of Law and **DIRECTS** a verdict in favor of Defendants.

I.     PROCEDURAL HISTORY[1]

This Court was scheduled to begin the trial in this case on Monday morning, July 17, 2006.  On Saturday July 15, 2006, in the early morning, Defendants filed their Motion for Leave to File a Motion for Summary Judgment (doc. #60).  The Court did not see the Motion for Leave until Monday morning, just before trial was to begin.  When the Court convened on Monday morning, Defendants asked the Court to consider the Motion, in which Defendants argued that they were entitled to qualified immunity as a matter of law and therefore should not be subjected to trial.  For support, Defendants cited their deposition testimony, which Plaintiff had taken just the Friday before trial, as well as Cincinnati Municipal Code § 513-1 and Cincinnati Police

---

[1] A complete procedural and factual history of this case is provided in docs. ##34, 44, 55, and will not be repeated here.

Division policy manual § 12.270.

The Court advised Defendants that it would deny their Motion for Leave.  The Court recognized that the doctrine of qualified immunity, where applicable, protects government officials from both liability and suit.  Nevertheless, given that 1) Defendants made their Motion at the very last minute before trial, 2) the jury and parties had already arrived prepared for trial, and most importantly 3) Defendants could have obtained all of the evidence on which they based their motion years before they made it, the Court found Defendants' Motion for Leave to be untimely.

The Court then began trial.  At the close of Plaintiff's evidence on Monday afternoon, July 17, 2006, Defendants made a Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a)(1).  The Court took the Motion under advisement.  The next morning, Tuesday, July 18, 2006, the Court granted Defendants' Motion and directed a verdict for Defendants.  The Court advised the parties that it would issue this Order further explaining its reasons for so ruling.

**II.     ANALYSIS**

Plaintiff filed this action under 42 U.S.C. § 1983.  Section 1983 provides that an individual may seek redress in this Court, by way of damages, against any person who under color of state law, including any statute, ordinance, regulation, or custom, subjects such individual to a deprivation of any right, privilege, or immunity secured or protected by the Constitution or laws of the United States.  42 U.S.C. § 1983.  Plaintiff argued that Defendants, City of Cincinnati Police Officers Davis and Battison, violated his Fourth Amendment right to be free from unconstitutional seizures when they impounded his car following his arrest at his

father's home.[2]  In order to prevail on his claim, Plaintiff had to prove three requirements: (1) that Defendants acted under color of law; (2) that Defendants deprived Plaintiff of his Fourth Amendment right to be free from unconstitutional seizures; and (3) that as a proximate result, Plaintiff suffered injury or damages.  Monell v. Dept. of Social Servs., 436 U.S. 658, (1978).[3]

In support of their Rule 50(a)(1) motion, Defendants argued that they were entitled to judgment as a matter of law because under the evidence Plaintiff presented at trial, it was clear that 1) Defendants did not subject Plaintiff to a constitutional deprivation; and/or 2) Defendants were entitled to qualified immunity.  Defendants concluded that no reasonable jury could find for Plaintiff on his claim of an unconstitutional seizure under the Fourth Amendment.

Federal Rule of Civil Procedure 50(a) provides for judgment as a matter of law in jury trials.  Under Rule 50(a)(1),

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

---

[2] The Court notes that Defendant Davis submitted that he was not involved in impounding Plaintiff's car.  However, for the purposes of Defendants' Rule 50(a)(1) motion, the Court must make all reasonable inferences in favor of Plaintiff.  The Court therefore assumes for the purpose of this Order only that Defendant Davis could be held liable for his involvement, whatever it was or was not, with the impoundment of Plaintiff's car.

[3] The first requirement – whether defendants were acting under color of law on April 22, 2000 – is a question of law that the Court must decide.  Neuens v. City of Columbus, 303 F.3d 667, 670 ( 6th Cir. 2002).  This Court holds that, because Officers Davis and Battison were clearly acting in their governmental capacity as police officers during the April 22, 2000 incident at issue, they were acting under color of state law.

The Supreme Court has stated that in making this determination, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). The Supreme Court has instructed further, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" Id. (citation omitted).

The Court holds that, even when all reasonable inferences are drawn in favor of Plaintiff, both of Defendants' arguments entitle Defendants to judgment as a matter of law.

### A. No Constitutional Deprivation

The evidence at trial was as follows. Under Cincinnati Municipal Code § 513-1, "[a]ny police officer may impound and cause to be towed any motor vehicle . . . (2) parked in violation of the law; or . . . (6) [w]hich does not display currently valid license plates; or . . . (8) [w]hich is in the possession of a physically arrested person. (See Defendant's Trial Exhibit (hereinafter "DX") A.) Similarly, under Cincinnati Police Division policy manual § 12.270, which explains how Cincinnati police officers should apply Cincinnati Municipal Code § 513-1, a police officer may impound any motor vehicle for those reasons. (See DX C at 2, ¶3.) Where the reason for impoundment is that the vehicle has expired license plates, section 12.270 of the policy provides that "[i]f the plate is expired more than 30 days, the vehicle may be impounded." Plaintiff's license plates had been expired for more than two years at the time of the impoundment. The impoundment of his car was thus authorized under both Cincinnati Municipal Code § 513-1 and

4

Cincinnati Police Division policy manual § 12.270.[4]

In opposing Defendants' Rule 50(a)(1) motion at trial, Plaintiff did not argue that the above-cited policies were themselves unlawful.  Rather, Plaintiff asserted that Defendants had unreasonably applied those policies.  Specifically, Plaintiff argued that under the section 12.270, even if a license plate has been expired more than 30 days, "[a] citation is *sufficient* if registration information is verified and the owner notified."  (See DX C at 8, ¶12 (emphasis added).)  Plaintiff concluded that Defendant Officers were unreasonable in impounding Plaintiff's car instead of simply issuing him a citation.  While Plaintiff was correct that Defendants had discretion not to impound the car under those circumstances, Plaintiff was incorrect to assume that their application of the policy to impound Plaintiff's car in those circumstances was unreasonable and thus unlawful.  It is clear that section 12.270 gives police officers discretion to impound a car where, like Plaintiff's car, the license plates were expired for more than 30 days.

As such, Defendants lawfully impounded Plaintiff's car and Plaintiff was not subjected to an unconstitutional seizure.  Because the undisputed evidence does not support Plaintiff's claim that he was deprived of a constitutional right, Plaintiff's section 1983 claim cannot be maintained.  Consequently, Defendants are entitled to judgment as a matter of law under Rule 50(a)(1).

**B.     Qualified Immunity**

Moreover, and in the alternative, even if Plaintiff had been subjected to an unconstitutional seizure, the Court finds that Defendants are entitled to qualified immunity.  As Defendants previously raised the argument that they are entitled to qualified immunity, Plaintiff

---

[4] The Court notes that Plaintiff used Defendant's Exhibits C and D on his direct-as-if-on-cross examination of Officer Davis and moved the Exhibits into evidence.

bore the burden of showing that Defendants are not entitled to it. Ciminillo v. Streicher, 434 F.3d 461, 466 (6th Cir. 2006). Plaintiff did not meet that burden.

Defendants are entitled to qualified immunity if a reasonable officer could have believed the seizure of Plaintiff's car to be lawful in light of clearly established law and the information Defendants' possessed. See Hunter v. Bryant, 502 U.S. 224, 227 (U.S. 1991). The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." See Hunter, 502 U.S. at 229.

In addition to his other arguments already described, Plaintiff also argued that Defendants subjected him to an unconstitutional seizure by impounding his car even though he had already parked it on his father's driveway. However, neither the Cincinnati Municipal Code nor the Cincinnati Police Division policy manual regarding impoundment expressly prohibits impoundment of a car with expired plates simply because it is parked on private property. Moreover, while the Court believes that there would be a serious question under the Fourth Amendment if police seized a car with expired plates, but parked on private property, if the owner had not been seen driving the car on public streets (and no other lawful reason for impoundment existed), this is not such a case.

The evidence at trial showed that Defendant Davis observed Plaintiff driving his car on the public streets with unregistered license plates. Defendant Davis tried to stop Plaintiff to give him a ticket, but Plaintiff drove away.[5] The case State v. Addy, No. 96APA09-1098, 1997 WL

---

[5] The Court notes that Plaintiff testified that he did not hear Officer Davis order him to wait. A reasonable officer in Officer Davis's position, however, could certainly have thought that Plaintiff heard his command and nevertheless fled from him.

84649 (Ohio 10th Dist. Feb. 27, 1997), is instructive. In Addy, the Court considered Defendant's claim that his Fourth Amendment rights had been violated when a police officer impounded his car from private property. Id. at *1. The local ordinance provided for impoundment of a vehicle with unregistered plates when that vehicle was located on public streets or property. Id. In Addy, as in this case, the officer observed the driver driving a car which bore unregistered plates on a public street. The officer signaled for the driver to pull over. Instead of pulling over on the public street, the driver pulled his car into a private apartment complex. The officer nevertheless impounded his car pursuant to the local ordinance. In holding that the impoundment from a private drive did not violate the driver's Fourth Amendment rights, the Ohio Court reasoned that "the evidence reveals defendant's vehicle was located upon a public street at the time the officer indicated defendant needed to pull over to the side. We decline to interpret [the ordinance] to render the impoundment unlawful simply because defendant managed to take his vehicle from a public street into an area not falling within that definition." Id. at *2. The Court's logic is all the more applicable here, where, unlike the impoundment ordinance in Addy, neither the Cincinnati Municipal Code nor the Cincinnati Police Division policy manual regarding impoundment limited impoundment of cars with expired plates to those located on public streets or areas.

     Given Defendants' factual knowledge at the time of the impoundment, as well as the clearly established law on April 22, 2000, a reasonable officer in Defendants' position clearly could have concluded that because impoundment of the car at the time of Plaintiff's offense – driving without registered license plates – was clearly lawful, and because no law or policy provided otherwise, Plaintiff could not avoid impoundment by eluding the police and parking the car on private property. As the evidence and law shows that a reasonable officer in Defendants'

position on April 22, 2000 could have believed that impounding the car was lawful, Plaintiff has not met his burden of proving Defendants lack qualified immunity.[6] See Hunter, 502 U.S. at 227. As such, Plaintiff's §1983 claim cannot be maintained, and Defendants are entitled to judgment as a matter of law under Rule 50(a)(1) on this ground as well.

### III.  CONCLUSION

Despite its holding, the Court admonishes Defendants for failing to present this evidence and argument to the Court as part of their original motion for summary judgment, which was filed on July 30, ***2004***.  The Court recognizes that, in the week before trial, Defendants filed both a motion for reconsideration and their Motion for Leave to try to avoid the time and expense of trial.  However, this case is six years old, and Defendants could have discovered this evidence at any time during the six years it has been pending.  Indeed, the "new" evidence Defendants cited in their Motions, and that won this case for them consisted of, respectively, the June 23, 2004 deposition testimony of Plaintiff's brother, see doc. #52, ex. 1, the testimony of Defendants themselves, and a Cincinnati ordinance and police policy that have been in effect for years.  This evidence was not "new" under the meaning of Rule 60(b), which permits reconsideration of a court's prior order for "newly discovered evidence which by due diligence could not have been discovered" before.  See Fed. R. Civ. P. 60(b)(2).  Accordingly, the Court could not have granted either Defendants' motion for reconsideration or their Motion for Leave (which was effectively another motion for reconsideration).

If Defendants had exercised due diligence in discovering this evidence, this Court, the

---

[6] The Court notes that this would be true *even if* Plaintiff had proven that Defendants subjected him to an unconstitutional seizure – which he did not.

parties, the witnesses, and the jurors would have been spared substantial time, effort, and expense. Nevertheless, despite their delay, Defendants are entitled to judgment as a matter of law and the Court therefore **GRANTS** their Motion for Judgment as a Matter of Law and **DIRECTS** a verdict in favor of Defendants.

IT IS SO ORDERED.

          ___s/Susan J. Dlott_____
          Susan J. Dlott
          United States District Judge